Filing # 86378791 E-Filed 03/14/2019 11:19:59 AM

IN THE CIRCUIT COURT FOR THE FOURTH JUDICIAL
CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

GREG SWINDELL,

      Plaintiff,

vs.                                   Case No.:

MEDICAL DEPOT, INC.. d/b/a
DRIVE DEVILBISS HEALTHCARE, LLC a
foreign corporation,
and APRIA HEALTHCARE, LLC
a foreign corporation,

      Defendants.
_____/

## COMPLAINT

Plaintiff, GREG SWINDELL, ("SWINDELL") by and through his undersigned counsel, sues Defendants, MEDICAL DEPOT, INC. d/b/a DEVILBISS HEALTHCARE, LLC ("DEVILBISS") and APRIA HEALTHCARE, LLC ("APRIA".) and states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. This is an action for personal injury claiming damages in excess of the jurisdictional limits of this Court of fifteen thousand dollars ($15,000), exclusive of costs and interest. All actions material and relevant to this litigation occurred in Duval County, Florida.

2. This action arises from injuries sustained by the Plaintiff, SWINDELL, as the result of the defective failure of a knee walker. The product which failed and which caused injury to SWINDELL is known as Drive Medical DV8 (hereinafter "Knee Walker" or

"Product") which was designed, manufactured, assembled and marketed by Defendants, DEVILBISS and APRIA.

3. At all times material SWINDELL resided in Jacksonville, Florida, which is located in Duval County, Florida. Venue is proper in Duval County, Florida, because this cause of action accrued there due to the failure of the Knee Walker occurring at a time when SWINDELL was physically residing in Duval County and physically located in Duval County, Florida.

4. Defendant, DEVILBISS, is a Foreign Limited Liability Company with its registered agent located at 1201 Hayes Street, Tallahassee, Florida 32301 and its principal business address is located at 100 Devilbiss Drive, Somerset, PA 15501.

5. Defendant, DEVILBISS, by benefiting from the sale of its products in Florida's market and to Florida consumers, has availed itself to the laws of Florida, the forum state. As such, jurisdiction is proper in Florida under the standard set forth in Ford Motor Co. v. Atwood Vacuum Mach.Co., 392 So. 2d 1305 (Fla. 1981).

6. Defendant, APRIA, is a Foreign Limited Liability Company with its registered agent located at 1200 South Pine Island Road, Plantation, Florida 33324 and its principal business address is located at 26220 Enterprise Court, Lake Forest, California 92630.

7. At all material times, APRIA, maintained a facility in Florida and conducted business in Florida by marketing and selling its products to consumers in Duval County, Florida. APRIA, is subject to jurisdiction in the State of Florida because it (a) operated, conducted, engaged in, or carried on business in Florida; (b) committed a tortious act in Florida; (c) caused injury to persons or property in Florida at or about the time products or materials it manufactured were used or consumed within Florida in the ordinary course of commerce, trade or use; and/or (d) engaged in substantial and not isolated activity within Florida.

8. This Court has jurisdiction and venue is proper in Duval County, Florida.

9. Defendant, DEVILVISS is a consumer goods manufacturer whose products are sold worldwide, including within the State of Florida.

10. Defendant, APRIA, is a consumer products distribution company, which markets and sells consumer goods worldwide, including within the State of Florida.

11. Within the course and scope of its business, DEVILBISS, manufactures medical mobility goods for personal use by consumers. These devices include the Drive Medical DV8.

12. Within the course and scope of its business, APRIA, marketed and sold the Drive Medical DV8 Knee Walker manufactured by DEVILBISS.

13. On March 16, 2017, Swindell was using the Drive Medical DV8 Knee Walker purchased from APRIA when it malfunctioned.

14. Specifically, the component parts of the rear left wheel of the Drive Medical DV8 Knee Walker completely separated from the device while SWINDELL was using it to ambulate causing him to fall violently and sustain injury.

15. On March 16, 2017, SWINDELL, following the product failure and subsequent fall, was transported to the emergency room at St. Vincent's Medical Center in Jacksonville, FL.

16. On March 17, 2017, SWINDELL underwent open reduction internal fixation surgery on his left hip.

17. On March 22, 2017, SWINDELL was discharged from St. Vincents Medical Center but required additional professional health care in the form or post-operative in patient physical therapy and was transferred to Brooks Rehabilitation in Jacksonville Florida.

18. On March 2017, SWINDELL, after complication suffered with his recovery, went into cardiac arrest while at Brooks Rehabilitation.

19. SWINDELL has suffered permanent injuries as a result of the defective Knee Walker.

20. SWINDELL had been in possession of the Knee Walker for thirty-two (32) days prior to the malfunction and had used it an during that time without incident.

21. SWINDELL used the Knee Walker as intended and in no way prior to its malfunction used the Knee Walker in a manner other than its intended use.

## COUNT I
## DEVILBISS - STRICT LIABILITY

22. Plaintiff incorporates by reference paragraphs 1-21 as though set forth fully at length herein.

23. At the time of Plaintiff's injuries, Defendant DEVILBISS' Knee Walker was defective and unreasonably dangerous to foreseeable consumers, including SWINDELL.

24. The DEVILBISS Knee Walker used by SWINDELL was in the same or substantially similar condition as it was when it left the possession of DEVILBISS. SWINDELL did not materially alter the product.

25. Defendant is strictly liable for Plaintiff's injuries in the following ways:

    a. Defendant's Knee Walker, as designed, manufactured, sold, assembled and/or supplied by the Defendants, was defectively designed and placed into the stream of commerce by Defendant in a defective and unreasonably dangerous condition;

    b. Defendant failed to properly market, design, manufacture, distribute, supply and/or sell the Knee Walker;

    c. Defendant failed to warn, properly label, and place adequate warnings and/or instructions on the Knee Walker;

    d. Defendant failed to adequately test the Knee Walker;

26. DEVILBISS' actions and omissions were the direct and proximate cause of Plaintiff's injuries.

27. As a direct and proximate result of the Defendant's, DEVIBISS', negligence, Plaintiff, GREG SWINDELL, suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are permanent and continuing in nature and include, but are not limited to, one or more of the following: (a) significant and permanent loss of an important bodily function; (b) permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement; (c) significant and permanent scarring and disfigurement. The Plaintiff, GREG SWINDELL, has incurred these losses in the past and will continue to suffer the losses in the future.

## COUNT II
## APRIA - STRICT LIABILITY

28. Plaintiff incorporates by reference paragraphs 1-21 as though set forth fully at length herein.

29. At the time of Plaintiff's injuries, Defendant's Knee Walker was defective and unreasonably dangerous to foreseeable consumers, including Swindell.

30. The Knee Walker used by Plaintiff was in the same or substantially similar condition as it was when it left the possession of Defendant. Plaintiff did not materially alter the product.

31. Defendant is strictly liable for Plaintiff's injuries in the following ways:

    a. Defendant's Knee Walker, as designed, manufactured, sold, assembled and supplied by the Defendants, was defectively designed and/or assembled and provided to SWINDELL by Defendant in a defective and unreasonably dangerous condition;

    b. Defendant failed to properly assemble, design, manufacture, distribute, supply and/or sell the Knee Walker;

    c.    Defendant failed to warn, properly label, and place adequate warnings and/or instructions on the Knee Walker;

    d.    Defendant failed to adequately test the Knee Walker;

32. As a direct and proximate result of the Defendant's, APRIA, negligence, Plaintiff, GREG SWINDELL, suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are permanent and continuing in nature and include, but are not limited to, one or more of the following: (a) significant and permanent loss of an important bodily function; (b) permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement; (c) significant and permanent scarring and disfigurement. The Plaintiff, GREG SWINDELL, has incurred these losses in the past and will continue to suffer the losses in the future.

## COUNT III
## DEVILBISS - BREACH OF EXPRESS WARRANTY

33. Plaintiff incorporates by reference paragraphs 1-21 as though set forth fully at length herein.

34. Defendant expressly warranted that the Knee Walker was durable, safe and effective to members of the consuming public through marketing, advertising, and materials provided with the Knee Walker.

35. Members of the consuming public, including consumers such as Plaintiff, were intended third-party beneficiaries of the warranty.

36. Defendant marketed, promoted and sold the Knee Walker as a durable and safe product.

37. Defendant's Knee Walker does not conform to these express representations because it is subject to dangerous malfunctions of the type which caused SWINDELL's injury.

38. Defendant breached their express warranty in one or more of the following ways:

   a. Defendant's Knee Walker as designed, manufactured, assembled, sold, and/or supplied by the Defendants, was defectively designed and placed in to the stream of commerce by Defendants in a defective and unreasonably dangerous condition;

   b. Defendant failed to warn and/or place adequate warnings and instructions on Defendant's Knee Walker;

   c. Defendant failed to adequately test the Knee Walker and;

   d. Defendant failed to properly assemble the subject Knee Walker.

39. Plaintiff reasonably relied upon Defendant's warranty that the Knee Walker was durable, safe and effective.

40. As a direct and proximate result of the Defendant's, DEVILBISS', Breach of express warranty GREG SWINDELL, suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are permanent and continuing in nature and include, but are not limited to, one or more of the following: (a) significant and permanent loss of an important bodily function; (b) permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement; (c) significant and permanent scarring and disfigurement. The Plaintiff, GREG SWINDELL, has incurred these losses in the past and will continue to suffer the losses in the future.

## COUNT IV
## APRIA - BREACH OF EXPRESS WARRANTY

41. Plaintiff incorporates by reference paragraphs 1-21 as though set forth fully at length herein.

42. Defendant, APRIA, expressly warranted that the Knee Walker was durable, safe and effective to members of the consuming public through marketing, advertising, and materials provided with the Knee Walker.

43. Members of the consuming public, including consumers such as Plaintiff, were intended third-party beneficiaries of the warranty.

44. Defendant, APRIA, marketed, promoted and sold the Knee Walker as a durable and safe product.

45. Defendant, APRIA's, Knee Walker does not conform to these express representations because it is subject to dangerous malfunctions of the type which caused SWINDELL's injury.

46. Defendant, APRIA, breached their express warranty in one or more of the following ways:

   a. APRIA's Knee Walker as designed, manufactured, assembled, sold and/or supplied by the Defendants, was defectively designed and placed in to the stream of commerce by Defendants in a defective and unreasonably dangerous condition;

   b. APRIA failed to warn and/or place adequate warnings and instructions on Defendant's Knee Walker;

   c. APRIA failed to adequately test the Knee Walker and;

   d. APRIA failed to properly assemble the subject Knee Walker.

47. Plaintiff through reasonably relied upon Defendant's warranty that the Knee Walker was durable, safe and effective.

48. As a direct and proximate result of the Defendant's, APRIA, breach of express warranty, Plaintiff, GREG SWINDELL, suffered bodily injury resulting in pain and

suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are permanent and continuing in nature and include, but are not limited to, one or more of the following: (a) significant and permanent loss of an important bodily function; (b) permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement; (c) significant and permanent scarring and disfigurement. The Plaintiff, GREG SWINDELL, has incurred these losses in the past and will continue to suffer the losses in the future.

## COUNT V
## DEVILBISS- NEGLIGENCE

49. Plaintiff incorporates by reference paragraphs 1-21 as though set forth fully at length herein.

50. Defendant had a duty to exercise reasonable care in the manufacture, labeling, sale, assembly, and distribution of the Knee Walker.

51. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, assembly and/or distribution of the Knee Walker, in that Defendant knew or should have known that the device created a high risk of unreasonable harm.

52. Defendant was negligent in the design, manufacture, advertising, warning, marketing, assembly, and/or sale of the Knee Walker in that, among other things, they:

    a. Failed to use due care in designing and manufacturing the Knee Walker so as to avoid the aforementioned risks to individuals;

    b. Failed to accompany the device with proper warnings regarding early fatigue and failure;

    c. Failed to properly market, design, manufacture, distribute, assemble, supply and/or sell the Knee Walker;

    d. Placed an unsafe product into the stream of commerce; and,

      e.      Defendant was otherwise careless or negligent.

53. Despite the fact that Defendant knew or should have known that the Knee Walker was susceptible to unreasonably early fatigue and failure, Defendant continued to market it to consumers without remedy or warning.

54. As a direct and proximate result of the Defendant's, DEVILBISS, negligence, Plaintiff, GREG SWINDELL, suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are permanent and continuing in nature and include, but are not limited to, one or more of the following: (a) significant and permanent loss of an important bodily function; (b) permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement; (c) significant and permanent scarring and disfigurement. The Plaintiff, GREG SWINDELL, has incurred these losses in the past and will continue to suffer the losses in the future.

**COUNT VI**
**APRIA – NEGLIGENCE**

55. Plaintiff incorporates by reference paragraphs 1-21 as though set forth fully at length herein.

56. Defendant, APRIA, had a duty to exercise reasonable care in the manufacture, labeling, sale, assembly, and distribution of the Knee Walker.

57. Defendant, APRIA, failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, assembly, and/or distribution of the Knee Walker, in that Defendant knew or should have known that the device created a high risk of harm.

58. Defendant was negligent in the design, manufacture, advertising, warning, marketing, assembly, and/or sale of the Knee Walker in that, among other things, they:

  a. Failed to use due care in designing and manufacturing the Knee Walker so as to avoid the aforementioned risks to individuals;

  b. Failed to accompany the device with proper warnings regarding early fatigue and failure;

  c. Failed to properly market, design, manufacture, distribute, assemble, supply and/or sell the Knee Walker;

  d. Placed an unsafe product into the stream of commerce; and,

  e. Defendant was otherwise careless or negligent.

59. Despite the fact that Defendant knew or should have known that the Knee Walker was susceptible to unreasonably early fatigue and failure, Defendant continued to market it to consumers without remedy or warning.

60. As a direct and proximate result of the Defendant's, APRIA, negligence, Plaintiff, GREG SWINDELL, suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are permanent and continuing in nature and include, but are not limited to, one or more of the following: (a) significant and permanent loss of an important bodily function; (b) permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement; (c) significant and permanent scarring and disfigurement. The Plaintiff, GREG SWINDELL, has incurred these losses in the past and will continue to suffer the losses in the future.

## COUNT VII
## DEVILBISS - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

61. Plaintiff incorporates by reference paragraphs 1-21 as though set forth fully at length herein.

62. At the time Defendant marketed, distributed, assembled, and/or sold the Knee Walker, Defendant, DEVILBISS, warranted that the Knee Walker was merchantable and fit for

the ordinary purposes for which it was intended.

63. Members of the consuming public, including consumers such as Plaintiff, were intended third-party beneficiaries of the warranty.

64. The Knee Walker was not merchantable and fit for its ordinary purpose, because it has a propensity to malfunction leading to the serious personal injuries as described herein.

65. Plaintiff reasonably relied on Defendant's representations that the Knee Walker was a safe and durable product and effective means to assist ambulation.

66. As a direct and proximate result of the Defendant's, DEVILBISS', Breach of Implied Warranty of Merchantability, Plaintiff, GREG SWINDELL, suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are permanent and continuing in nature and include, but are not limited to, one or more of the following: (a) significant and permanent loss of an important bodily function; (b) permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement; (c) significant and permanent scarring and disfigurement. The Plaintiff, GREG SWINDELL, has incurred these losses in the past and will continue to suffer the losses in the future.

## COUNT VIII
## APRIA - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

67. Plaintiff incorporates by reference paragraphs 1-21 as though set forth fully at length herein.

68. At the time Defendant marketed, distributed, assembled, and/or sold the Knee Walker, Defendant warranted that the Knee Walker was merchantable and fit for the ordinary purposes for which it was intended.

69. Members of the consuming public, including consumers such as Plaintiff, were intended third-party beneficiaries of the warranty.

70. The Knee Walker was not merchantable and fit for its ordinary purpose, because it has a propensity to malfunction ion leading to the serious personal injuries as described herein.

71. Plaintiff reasonably relied on Defendant's representations that the Knee Walker was a safe and durable product and effective means to Ambulate.

72. As a direct and proximate result of the Defendant's, APRIA, Breach of Implied Warranty of Merchantability, Plaintiff, GREG SWINDELL, suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are permanent and continuing in nature and include, but are not limited to, one or more of the following: (a) significant and permanent loss of an important bodily function; (b) permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement; (c) significant and permanent scarring and disfigurement. The Plaintiff, GREG SWINDELL, has incurred these losses in the past and will continue to suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendants, DEVILBISS and APRIA, for damages in excess of the jurisdictional limits of this Court ($15,000), interest, taxable costs, trial by jury of all triable issues, and such other relief to which Plaintiff may be entitled.

Dated this 14th day of March 2019

| | |
|---|---|
| OSSI & NAJEM, P.A. | FLORIN ROEBIG, P.A. |
| /s/ Lawrence Najem | /s/ Tommy Roebig |
| LAWRENCE J. NAJEM, ESQ. | TOMMY ROEBIG, ESQ |
| Florida Bar No. 0754803 | Florida Bar No. 651702 |
| 1506 Prudential Drive | 777 Alderman Rd. |
| Jacksonville, Florida 32207 | Palm Harbour, Fl. 34683 |
| (904) 399-0606 | (727) 772-5000 |
| (904) 398-8988 Facsimile | (727) 772-9833 Facsimile |
| Emails: pleadings@onr-law.com | Emails: Pleadings@onr-law.com |
| lnajem@onr-law.com | TDR@florinroebig.com |
| ppalasz@onr-law.com | ppalasz@onr-law.com |
| Attorney for Plaintiff | Attorney for Plaintiff |